# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-00172-COA

**OTHA HAMLIN A/K/A OTHA L. HAMLIN**                **APPELLANT**
**A/K/A OTHA LEE HAMLIN**

**v.**

**STATE OF MISSISSIPPI**                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/03/2018 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK JR. |
| COURT FROM WHICH APPEALED: | SHARKEY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN ELIZABETH BRIGGS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MATTHEW WYATT WALTON KAYLYN HAVRILLA McCLINTON ASHLEY LAUREN SULSER |
| DISTRICT ATTORNEY: | RICHARD EARL SMITH JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/21/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McDONALD AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. A jury of his peers convicted Otha Hamlin of six counts of crimes against his granddaughter. The defendant was found guilty of two counts of statutory rape and four counts of sexual battery concerning the child, who was around nine years old at the time of the abuse.

¶2. In this direct appeal, the defendant claims only one error: that his counsel's assistance was ineffective because his lawyer failed to request an alibi jury instruction.

Ineffective-assistance-of-counsel claims should ordinarily be raised in a motion for post-conviction relief, not on direct appeal. *See Pinter v. State*, 221 So. 3d 378, 386 (¶18) (Miss. Ct. App. 2017). The Court will address such claims on direct appeal when (1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate, and the appellate court determines that the findings of fact by a trial judge able to consider the demeanor of witnesses, etc., are not needed. *See Ross v. State*, 288 So. 3d 317, 324 (¶29) (Miss. 2020). In this case, both parties have stipulated that the record is adequate to review the claim for ineffective assistance of counsel.

¶3. A successful claim for ineffective assistance of counsel requires a defendant to put forth sufficient evidence which, when viewed under the totality of the circumstances, proves: 1) the defense attorney's performance was deficient and 2) the deficiency prevented the defendant from receiving a fair trial. *See Havard v. State*, 94 So. 3d 229, 239 (¶33) (Miss. 2012).

¶4. Three years ago we reviewed a similar case where a defendant claimed he was denied effective representation because his lawyer failed to ask for an alibi instruction. *Ford v. State*, 230 So. 3d 316, 320 (¶13) (Miss. Ct. App. 2017). A defendant is not automatically entitled to an alibi instruction. Instead, "the law relating to an alibi defense involves something more than a simple denial by the defendant that he was present at the precise time the crime was committed." *Id*. at (¶10). An alibi defense "requires evidence that the defendant's location at the relevant time was so removed therefrom as to render it impossible for him to be the guilty party." *Id*. (citation omitted).

¶5.    "However, if the asserted alternate location is such that, based on the version of events contended for by the defense, it would remain within the realm of physical possibility for the defendant to have committed the crime, then the defense is nothing more than a denial and would not rise to the level of alibi." *Id*. Unless there is evidence that "the defendant's location at the relevant time was so removed therefrom as to render it impossible for him to be the guilty party," then the instruction must be denied. *Id*. For "[i]t is a fundamental concept of our system of criminal procedure that an instruction may not be given, even if it correctly recites the law, if there is no evidentiary basis for the instruction." *Id*.

¶6.    In *Ford*, the defendant argued in his claim for post-conviction relief that he should have received an alibi instruction because he was asleep at his girlfriend's house at the time the crime was committed. *Id*. at 319 (¶4). However, his girlfriend's "mobile home was located on Highway 21 in the vicinity of the shooting" in Scott County. *Id*. at 320 (¶11). As a result, the evidence presented did not rise to a level of a physical impossibility, and the Court found that the defendant was not entitled to an alibi instruction. *Id*. Because an alibi instruction was not warranted, "[i]t necessarily follow[ed] that Ford's trial counsel did not provide constitutionally ineffective assistance of counsel by not requesting an alibi instruction." *Id*. at 320-21 (¶13).

¶7.    In this case, Hamlin claims his lawyer failed him by not seeking an alibi instruction. The indictment in this case alleged that "on or about October 2016 through January 2017" the defendant committed crimes against his granddaughter in multiple ways. The testimony at trial also showed that the crimes did not all occur on the same day or time.

¶8. Hamlin testified that he was in Chicago during *some* of the time-period alleged in the indictment. Yet he also conceded at trial that he was in *Sharkey County* on three separate occasions during that same time-period. In fact, at two different times he had actually lived in the same house with his daughter, who is the mother of his granddaughter. Hamlin was asked, "[F]or those six days in December [of 2016,] where were you in Mississippi?" He responded, "I was at my daughter's house." The State then asked him, "In November of 2016 do you remember being in Sharkey County, Mississippi?" Hamlin replied, "[Y]es." He further explained that he stayed at his girlfriend's house for two weeks in November. His girlfriend's house was established to be in Sharkey County. Lastly, he testified that when he stopped staying with his girlfriend, he "went to [his] daughter" and stayed with her again in December of 2016. Under oath, the defendant admitted that he had access to his granddaughter during the times he lived at his daughter's house.

¶9. This testimony establishes Hamlin was not so far geographically removed from the scene and time of the crimes "as to render it impossible for him to be the guilty party." *Id*. at 320 (¶11). Accordingly, based on the uncontested evidence, an alibi instruction was not warranted. Pursuant to *Ford*, "[i]t necessarily follows that [Hamlin's] trial counsel did not provide constitutionally ineffective assistance of counsel by not requesting an alibi instruction." *Id*. at 320-21 (¶13).

¶10. **AFFIRMED.**

   **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS AND McDONALD, JJ., CONCUR. LAWRENCE, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**